**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Jahmy S. Graham (SBN 300880)
jahmy.graham@nelsonmullins.com
Michael E. Seager (SBN 354564)
michael.seager@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:  424.221.7400
Facsimile:   424.221.7499

Benjamin J. Sitter (SBN 273394)
ben.sitter@nelsonmullins.com
Six PPG Place, Suite 700
Pittsburgh, PA 15222
Telephone: (412) 730-4050
Facsimile:  (412) 567-9241

Attorneys for Defendant
NFHS NETWORK, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND

| | |
|---|---|
| STEVEN KASPER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NFHS NETWORK, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No.: 4:24-cv-04682<br><br>**DEFENDANT NFHS NETWORK, LLC'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331, 1367, 1441, 1446 AND 1453**<br><br>**[FEDERAL QUESTION AND CAFA]**<br><br>**JURY TRIAL DEMANDED**<br><br>[*Filed concurrently with Civil Case Cover Sheet; Certificate of Interested Entities; and Declaration of Jahmy S. Graham*]<br><br>Complaint Filed: June 20, 2024<br>FAC Filed: July 1, 2024<br>(Alameda County Superior Court Case No. 24CV080631) |

DEFENDANT NFHS NETWORK, LLC'S NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446, and 1453, Defendant NFHS Network, LLC ("NFHS Network" or "Defendant") hereby removes this action, captioned *Steven Kasper v. NFHS Network, LLC*, Case No. 24CV080631, from the Superior Court of the State of California, County of Alameda to the United States District Court for the Northern District of California, Oakland. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367. In support of this Notice of Removal, NFHS Network states as follows:

**I.  RELEVANT BACKGROUND**

1. On June 20, 2024, Plaintiff Steven Kasper ("Plaintiff"), on behalf of himself and all others similarly situated, filed a putative class action complaint (the "Complaint") against NFHS Network in the Superior Court of the State of California, County of Alameda, Case No. 24CV080631 (the "State Court Action").

2. Attached as **Exhibit 1** is a true and correct copy of the Complaint, the summons, and accompanying case-initiating materials for the State Court Action. (Declaration of Jahmy S. Graham ("Graham Decl.") ¶ 4.) Upon information and belief, the original Complaint was never served upon NFHS Network.

3. Also on June 20, 2024, the Superior Court placed the State Court Action in special status as a Class Action and Provisionally Complex. On June 21, 2024, the Superior Court scheduled a Complex Determination Hearing for July 23, 2024 and an Initial Case Management Conference for October 21, 2024. Attached as **Exhibit 2** is the Court's Notice of Case Management Conference. (Graham Decl. ¶ 5.)

4. On July 1, 2024, Plaintiff filed a First Amended Complaint ("FAC") in the State Court Action.  Attached as **Exhibit 3** is a true and correct copy of the FAC. (Graham Decl. ¶ 6.)  The FAC, summons, and Notice of Case Management Conference were served upon NFHS Network on July 2, 2024. Attached as **Exhibit 4** is the Proof

of Service. (*Id.*)

5.   On July 17, 2024, the Superior Court published a Tentative Ruling for the July 23, 2024 Complex Determination Hearing, which tentatively deemed the case as complex. Attached as **Exhibit 5** is the Tentative Ruling. (*Id.* ¶ 7.)

6.   On July 23, 2024, the Superior Court deemed the State Court Action as Complex and continued the Initial Case Management Conference to August 18, 2024. Attached as **Exhibit 6** is the Superior Court's Complex Determination Order, Minute Order, and Initial Case Management Order. (*Id.* ¶ 8.)

7.   On July 24, 2024, the Minute Order (for July 23, 2024 Complex Determination Hearing) and Initial Case Management Order were served upon NFHS Network. Attached as **Exhibit 7** is the Proof of Service. (*Id.* ¶ 9.)

8.   As of the date of this filing, NFHS Network has not received any other pleadings, process, or orders served or entered in the State Court Action. (*Id.* ¶ 10.)

**A.   Allegations in the FAC**

9.   Plaintiff, a resident of Orange County, California, signed up for a monthly subscription with NFHS Network to access live and prerecorded high school sporting events. (*See* FAC, Exh. 3, ¶ 12.) He alleges that NFHS Network disclosed "Plaintiff's and Class Members' private information about their personal video-viewing habits and activities . . . ." to Meta Platforms, Inc. (formerly Facebook) without subscriber consent. (*Id.* ¶¶ 1, 5.) Plaintiff further alleges that he has owned and used a Facebook account during the relevant time period and has "watched prerecorded videos on NFHS website, [and] was not aware that NFHS was transmitting and/or disclosing his personal information." (*Id.* ¶¶ 12, 65.)  Plaintiff claims NFHS Network is in violation of the Video Privacy Protection Act (18 U.S.C. §§ 2710 *et seq.*) ("VPPA"); Cal. Civ. Code § 1799.3; and Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*) ("UCL"). (*Id.* ¶ 1.)

10.   Specifically, Plaintiff alleges that "[b]eginning on a date unknown", NFHS Network "sent the titles and/or identities of the videos that Plaintiff and other

Class members watched on NFHS Network to Meta, alongside unique information allowing members of the public and Meta to easily identify them." (*Id.* ¶ 7, 34.) Plaintiff further alleges that NFHS Network accomplishes this by using pieces of tracking software called Meta Pixels in order to "more effectively profit from its users' private data." (*Id.* ¶ 6.) Plaintiff, however, also admits that while he subscribed to NFHS Network sometime in 2016, his "subscription terminated several times" from that initial signup until "the end of 2023", when he claims to have stopped watching NFHS Network's videos. (*Id.* ¶¶ 12, 63, 66.)

### B. Allegations Regarding the Putative Class and Amount in Controversy

11. Plaintiff brings this action "on behalf of himself and all others similarly situated, as a class action . . . . " (*Id.* ¶ 75.) Plaintiff alleges the putative class "are, on information and belief, more than one hundred" and "so numerous that joinder of all members of the Class is impracticable." (*Id.* ¶ 80.)

12. Plaintiff alleges he and the putative class have been injured and are entitled to damages to be determined at trial or alternatively "liquidated damages not less than $2,500 per plaintiff." (*Id.* ¶ 93.) Plaintiffs also seek liquidated damages of $500 per violation of the Cal. Civ. Code § 1799.3 (*See id.* ¶ 116) and extensive injunctive relief and restitution under the UCL. (*See id.* ¶¶ 107, 118.)

### C. Causes of Action Alleged

13. The FAC's First Cause of Action alleges NFHS Network violated the VPPA by "disclos[ing] the titles and/or identified [sic] of prerecorded videos" as well as "PII [personally identifiable information] to Meta" (*Id.* ¶ 91.)

14. The Second Cause of Action alleges NFHS Network violated Cal. Civ. Code § 1799.3(a) by disclosing "Plaintiff and Class Members' video viewing and purchase history to Meta, including their Facebook ID's and the title of the videos that Plaintiff and Class Members viewed." (*Id.* ¶ 98.)

15. The Third Cause of Action alleges NFHS Network violated the UCL by

engaging in acts that are "unlawful, unfair, and/or fraudulent business acts and practices" by purportedly violating the VPPA and Cal. Civ. Code § 1799.3(a). (*Id.* ¶¶ 103-05.)

### D. Plaintiff's Prayer for Relief

16. Plaintiff seeks compensatory and other damages, restitution, injunctive relief, disgorgement, pre- and post-judgement interest, and attorneys' fees and costs. (*Id.* ¶¶ 114-24.) Specifically, as to Plaintiff's UCL claims, he seeks "a temporary, preliminary, and/or permanent injunction requiring Defendant, its successors, agents, representatives, employees, and all persons who act in concert, to: (i) cease selling subscriptions to California consumers unless NFHS either stops sharing customers' private information or obtains their informed written consent, and (ii) cease sharing California consumers' private information, as alleged herein, with third parties, without obtaining their prior written consent" as well as an award of attorneys' fees and costs. (*Id.* ¶¶ 107, 110.)

17. As to Plaintiff's VPPA claim, he seeks "an order awarding liquidated damages in the amount of $2,500 to Plaintiff and each Class Member", attorneys' fees and costs, punitive damages, and other relief the Court may deem just and proper. (*Id.* ¶¶ 93, 116, 122.)

18. As to Plaintiff's Cal. Civ. Code § 1799.3 claim, he seeks "an order awarding civil penalty not to exceed $500 per violation to Plaintiff and each Class Member." (*Id*. ¶ 117.)

## II. THIS CASE IS REMOVABLE UNDER 28 U.S.C. § 1331 (FEDERAL QUESTION JURISDICTION) AND § 1367

19. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." This statute permits Defendant to remove the State Court Action from the California state court to this

Court. Plaintiff filed the State Court Action in Superior Court of California, County of Alameda, which is located in this Court's district and division. Thus, venue properly lies in the United States District Court for the Northern District of California, Oakland Division, for purposes of this Notice of Removal. (*See also* Civil L.R. 3-2(e).)

### A.     Plaintiff's VPPA Claim is Removable under 28 U.S.C. § 1331 Federal Question Jurisdiction

20.    The Court has original jurisdiction over the First Cause of Action pursuant to 28 U.S.C. § 1331, which states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, Plaintiff's FAC alleges in the First Cause of Action that NFHS Network violated the VPPA (18 U.S.C. §§ 2710 *et seq.*) by purportedly collecting and disclosing personally identifiable information to Meta. Because the VPPA is a federal statute over which this Court has original jurisdiction, removal under § 1441(a) is proper.

### B.     State Law Claims are Removable under 28 U.S.C. § 1337 Supplemental Jurisdiction

21.    Further, this Court has supplemental jurisdiction over the remaining causes of action in Plaintiff's FAC pursuant to 28 U.S.C. § 1367(a), which states "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . " Here, the Second Cause of Action is a state law claim under Cal. Civ. Code § 1799.3. This statute mirrors the VPPA in all material respects, and Plaintiff asserts the same allegations against NFHS Network in relation to this statute. Additionally, the Third Cause of Action, an alleged state law violation of the UCL, is similarly predicated upon the same alleged conduct underlying Plaintiff's VPPA and Cal. Civ. Code § 1799.3 claims. (*See* FAC ¶¶ 101-113.) Thus, the Second and Third

Causes of Action are so related to the VPPA claim that they indisputably form part of the same case or controversy. Further, there is no other basis to decline exercising supplemental jurisdiction in this case regarding the Second and Third Causes of Action. (*See* 28 U.S.C. § 1367(b)-(c).)

### III. THIS CASE IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

22. The Court also has jurisdiction over this case on an alternative basis, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453(b), 1711-15 ("CAFA"). Congress enacted CAFA "to facilitate adjudication of certain class actions in federal court," and courts have held that no presumption against removal applies under CAFA. *Dart Cherokee,* 574 U.S. at 89. CAFA provides original jurisdiction over any class action where:

   a. The action was filed under a statute or rule that authorizes the action to be brought by one or more representative persons as a class action;
   b. The action includes an aggregate of at least 100 members in the proposed class or classes;
   c. The aggregated individual claims of the proposed class members exceed $5,000,000, exclusive of interest and costs; and
   d. At least one member of the proposed class is a citizen of a State different from any defendant.

28 U.S.C. §§ 1332(d)(1)(B), (d)(2), (d)(2)(A), (d)(5)(B), (d)(6).

23. The State Court Action meets each of the requirements of CAFA. First, Plaintiff expressly alleges in the FAC that this action is a proposed class action, and he brings it pursuant to Cal. Civ. Proc. Code § 382, which authorizes a plaintiff to "sue or defend for the benefit of all" when "the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court . . . ." § 382. (*See* FAC ¶¶ 80, 84) ("Individual joinder of all Class Members is not practicable, and questions of law and fact common to the

Class predominate over any questions of law and fact affecting only individual members of the Class" and the proposed class is "so numerous that joinder of all members of the Class is impracticable").

24. Second, Plaintiff alleges the putative class includes an aggregate of "more than 100" members. (FAC ¶ 80.)

25. Third, CAFA requires only that the aggregated individual claims of proposed class members exceed $5,000,000. Where, as here, a complaint does not seek a specific amount of damages, a notice of removal "need include ***only a plausible allegation*** that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89 (emphasis added); *see also, e.g.*, *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ("The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the ***cost of complying with an injunction***, as well as ***attorneys' fees*** awarded under fee shifting statutes" (emphasis added)); *see also, e.g.*, *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 925 (9th Cir. 2019) ("[I]n assessing the amount in controversy, a removing defendant is permitted to rely on a chain of reasoning that includes assumptions"). Plaintiff alleges the damages purportedly suffered by him and the putative class are extensive. Plaintiff requests liquidated damages of $2,500 per violation of the VPPA and "reasonable attorneys' fees, other litigation costs, injunctive and declaratory relief, and ***punitive damages*** in an amount to be determined by a jury and sufficient to prevent and deter the same or similar conduct by NFHS Network in the future" (*See* FAC ¶¶ 93, 121) (emphasis added); liquidated damages of $500 per violation of the Cal. Civ. Code § 1799.3 (*See id.* ¶ 116); and extensive injunctive relief and restitution under the UCL (*See id.* ¶¶ 107, 118). It stands to reason that Plaintiff is plausibly seeking amounts in excess of $5,000,000 in damages and/or other relief related to the individual and proposed classwide claims.

26. Fourth, minimal diversity exists when any member of the putative class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(1)(A), (B),

(D); (d)(2)(A). For diversity purposes, a corporation is a citizen of every state in which it is incorporated and in which it has a principal place of business. 28. U.S.C. § 1332(c)(1). Here, Plaintiff is a resident of Irvine, California. (FAC ¶ 12.) As Plaintiff alleges in the FAC, NFHS Network is a Delaware Limited Liability Company with its principal place of business located in Atlanta, Georgia.[1] (*See id.* ¶ 13; Graham Decl. ¶ 11.) The minimal diversity requirements of CAFA are therefore met.

## IV.  NFHS NETWORK HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

27.  A notice of removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014); 28 U.S.C. § 1446(a).

28.  Next, this Notice of Removal is timely filed. While a removal must be filed within thirty days of being served with the Complaint and summons (*See* 28 U.S.C. § 1446(b)(1)), NFHS Network was never served the Complaint. The FAC was served on NFHS Network on July 2, 2024, making the 30-day deadline August 1, 2024. (*See* Exh. 4.) Thus, NFHS Network has complied with 1446(b)(1) and removed within 30 days of being served.

29.  In accordance with 28 U.S.C. § 1446(a), NFHS Network hereby attaches a true and correct copy of all process, pleadings, and orders received by NFHS Network during the pendency of the action in the Superior Court of California, County of Alameda. (*See* Exhs. 1-7.)

30.  Pursuant to 28 U.S.C. § 1446(d), NFHS Network will contemporaneously provide Plaintiff written notice of this Notice of Removal and file a copy with the clerk of the Superior Court of California, County of Alameda. (Graham Decl. ¶ 13.)

31.  NFHS Network reserves the right to amend or supplement this Notice of Removal and reserves all rights and defenses, including those available under Fed. R.

---

[1] Courts may judicially notice facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).

Civ. P. 12.

32. NFHS Network requests a jury trial.

## V. CONCLUSION

33. For all the reasons stated above, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367. Alternatively, this Court also has jurisdiction over this action pursuant to § 1453.

WHEREFORE, NFHS Network respectfully removes this case to the United States District Court for the Northern District of California, Oakland.

DATED: August 1, 2024          **NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:    /s/ Jahmy S. Graham
Jahmy S. Graham
Benjamin J. Sitter
Michael E. Seager

Attorneys for Defendant
NFHS NETWORK, LLC

# PROOF OF SERVICE
## F.R.C.P. Rule 5(b)(2)(3)

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Nelson Mullins Riley & Scarborough LLP and my business address is 19191 South Vermont Avenue, Suite 900, Torrance, California 90502. On August 1, 2024, I caused the following document(s):

**DEFENDANT NFHS NETWORK, LLC'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331, 1367, 1441, 1446 AND 1453**

**[FEDERAL QUESTION AND CAFA]**

**JURY TRIAL DEMANDED**

to be served on the interested parties listed on the attached service list by:

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒ **[by ELECTRONIC SUBMISSION]** – By transmitting such document(s) electronically from my e-mail address at Nelson Mullins Riley & Scarborough LLP to the person(s) at the electronic mail addresses listed above pursuant to Emergency Rule 12 and/or the agreement of the parties.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with [attorney service].

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed August 1, 2024 at Torrance, California.

Carolyn Orphey                        By: *Carolyn Orphey*
Print Name                                 Signature

# SERVICE LIST

*Steven Kasper v. NFHS Network, LLC*

| | |
|---|---|
| Julian Hammond<br>Adrian Barnes<br>Polina Brandler<br>Ari Cherniak<br>HAMMONDLAW, P.C.<br>1201 Pacific Ave, 6th Floor<br>Tacoma, WA 98402 | ***Attorneys for Plaintiff and the Putative Class***<br><br>Tel: (310) 807-1666<br>Fax: (310) 295-2385<br>jhammond@hammondlawpc.com<br>abarnes@hammondlawpc.com<br>pblandler@hammondlawpc.com<br>acherniak@hammondlawpc.com |
| Warren D. Postman<br>KELLER POSTMAN LLC<br>1101 Connecticut Avenue, N.W.,<br>Suite 1100<br>Washington, DC 20036 | ***Attorneys for Plaintiff and the Putative Class***<br><br>Tel: (312) 741-5220<br>Fax: (312) 971-3502<br>wdp@kellerpostman.com |