1  **NELSON MULLINS RILEY & SCARBOROUGH LLP**
Jahmy S. Graham (SBN 300880)
2  jahmy.graham@nelsonmullins.com
Michael E. Seager (SBN 354564)
3  michael.seager@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
4  Torrance, CA 90502
Telephone:  424.221.7400
5  Facsimile:   424.221.7499

6  Benjamin J. Sitter (SBN 273394)
ben.sitter@nelsonmullins.com
7  Six PPG Place, Suite 700
Pittsburgh, PA 15222
8  Telephone: (412) 730-4050
Facsimile:  (412) 567-9241
9
Attorneys for Defendant
10  NFHS NETWORK, LLC

11                    **UNITED STATES DISTRICT COURT**

12        **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO**

13

14  STEVEN KASPER, on behalf of himself      Case No.: 3:24-cv-04682-JD
and all others similarly situated,
15                                           District Judge: Hon. James Donato

16                        Plaintiff,

17        vs.                                **DEFENDANT NFHS NETWORK,
                                             LLC'S NOTICE OF MOTION AND 28
18  NFHS NETWORK, LLC, a Delaware            U.S.C. § 1404(A) MOTION TO
Limited Liability Company,                   TRANSFER VENUE;
                                             MEMORANDUM OF POINTS AND
19                        Defendant.         AUTHORITIES IN SUPPORT**

20                                           Date: October 3, 2024
                                             Time: 10:00 a.m.
21                                           Courtroom: 11

22                                           Complaint Filed: June 20, 2024
                                             FAC Filed: July 1, 2024
23                                           Removal Filed:  August 1, 2024

24

25

26

27

28

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 3, 2024, at 10:00 a.m., or as soon thereafter as counsel may heard in Courtroom 11, of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant NFHS Network, LLC ("NFHS Network") will and hereby does move this Court for an order granting NFHS Network's Motion to Transfer Venue to the United States District Court for the Central District of California, Southern Division, where this case was pending before Plaintiff Steven Kasper ("Plaintiff" or "Kasper") surreptitiously voluntarily dismissed the case and scurried to California state court in Alameda County, where neither Kasper nor NFHS Network resides nor where the events complained of occurred. This all transpired **after** NFHS Network filed its motion to compel arbitration pursuant to the Parties' agreement and briefing schedule, which the Central District Court approved, to fully brief the arbitration issue before any Rule[1] 12 or other issues. Respectfully, Plaintiff's gamesmanship, forum-shopping and bad faith tactics, which have wasted and continues to waste party and court resources, should be rejected.

This Motion is made pursuant to 28 U.S.C. section 1404(a), in the interest of justice and judicial efficiency, for the case to be transferred back to and heard in the United States District Court for the Central District of California, Southern Division. This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Jahmy S. Graham, Plaintiff's First Amended Complaint ("FAC"), the Request for Judicial Notice, and other matters as may be presented to the Court at or prior to the hearing.

---

[1] Unless otherwise indicated, all references to "Rule(s)" refer to the Federal Rules of Civil Procedure.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  August 8, 2024

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

By:     /s/ Jahmy S. Graham
        Jahmy S. Graham
        Benjamin J. Sitter
        Michael E. Seager

        Attorneys for Defendant
        NFHS NETWORK, LLC

DEFENDANT NFHS NETWORK, LLC'S NOTICE OF MOTION AND 28 U.S.C.
§ 1404(A) MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS
AND AUTHORITIES - 3:24-cv-04682-JD

1
2

<u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

3

I.      INTRODUCTION .................................................................................. 1

4

II.     FACTUAL AND PROCEDURAL BACKGROUND ...................................... 2

5

III.    LEGAL STANDARD ............................................................................ 4

6

IV.     ARGUMENT ...................................................................................... 5

7

        A.    Venue and jurisdiction are proper in the Central District of California .. 5

8

        B.    The interests of justice and fairness strongly favor transfer ................... 6

9

        C.    The balance of convenience factors weighs in favor of transferring the
              case back to the Central District of California ......................................... 9

10

11

              1.    Plaintiff's forum choice should be given less deference because it
                    is not the place of Plaintiff's residence, lacks any connection to
                    Plaintiff's claims, and is the product of forum-shopping,
                    gamesmanship, and bad faith ......................................................... 10

12

13

              2.    Most of the remaining convenience factors confirm that this
                    District has no connection to Plaintiff's claims and that the
                    Central District is the more convenient and appropriate venue to
                    decide whether Plaintiff's claims should be arbitrated ............... 11

14

15

16

              3.    The final two factors—familiarity with applicable law and
                    feasibility of consolidation with other claims—are neutral or
                    irrelevant .................................................................................... 13

17

V.      CONCLUSION ................................................................................ 14

18
19
20
21
22
23
24
25
26
27
28

DEFENDANT NFHS NETWORK, LLC'S NOTICE OF MOTION AND 28 U.S.C.
§ 1404(A) MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS
AND AUTHORITIES - 3:24-cv-04682-JD

1

<u>TABLE OF AUTHORITIES</u>

2

3

Page(s)

4

Cases

5

*Am. Title Ins. Co. v. Lacelaw Corp.*,
6
   861 F.2d 224 (9th Cir. 1988) ...................................................................................5

7

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
   571 U.S. 49 (2013)...............................................................................................4, 6
8

9

*Brown v. Newsom*,
   No. 3:23-cv-4040, 2024 WL 2853978 (N.D. Cal. May 1, 2024) .......................5, 11
10

11

*Carolina Cas. Co. v. Data Broad. Corp.*,
   158 F. Supp. 2d 1044 (N.D. Cal. 2001) ...........................................................10, 11
12

13

*Dress v. Cap. One Bank (USA), N.A.*,
   368 F. Supp. 3d 178 (D. Mass. 2019) ....................................................................6

14

15

*Echologics, LLC v. Orbis Intelligent Sys., Inc.*,
   No. 3:21-cv-1147, 2021 WL 5203283 (S.D. Cal. Nov. 9, 2021) ..........................6, 7

16

*Galitski v. Samsung Telecomms. Am., LLC*,
17
   No. 8:12-cv-903, 2012 WL 12830000 (C.D. Cal. Nov. 21, 2012)...........................8

18

*Gherebi v. Bush*,
   352 F.3d 1278 (9th Cir. 2003), *vacated on other grounds* 542 U.S. 952 (2004).....12
19

20

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ............................................................................4, 12
21

22

*Madani v. Shell Oil Co.*,
   No. C07-4296, 2008 WL 268986 (N.D. Cal. Jan. 30, 2008).....................................6

23

24

*Meza v. Proctor & Gamble Co.*,
   No. 5:23-cv-91, 2023 WL 3267861 (C.D. Cal. Apr. 27, 2023) ..............................11

25

26

*Nat'l Fire Ins. Co. of Hartford v. UPS Freight, Inc.*,
   No. 16-cv-4785, 2017 WL 1927683 (N.D. Cal. May 10, 2017) ...............................4

27

28

ii

DEFENDANT NFHS NETWORK, LLC'S NOTICE OF MOTION AND 28 U.S.C.
§ 1404(A) MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS
AND AUTHORITIES - 3:24-cv-04682-JD

*Pacini v. Bank of Am., N.A.,*
   No. 3:12-cv-2423, 2012 WL 12952630 (N.D. Cal. Aug. 7, 2012) ......................... 9

*Park v. Dole Fresh Vegetables, Inc.,*
   964 F. Supp. 2d 1088 (N.D. Cal. 2013) ................................................................ 10

*Polizzi v. Cowles Mags, Inc.,*
   345 U.S. 663 (1953) .............................................................................................. 9

*Turnage v. Old Dominion Freight Line, Inc.,*
   No. 4:13-cv-1409, 2013 WL 2950836 (N.D. Cal. June 13, 2013) ........................ 13

*U.S. ex rel Cody v. Mantech Int'l Corp.,*
   No. 2:13-cv-9173, 2016 WL 10537807 (C.D. Cal. Feb. 9, 2016) ........................ 11

*Vu v. Ortho-McNeil Pharm., Inc.,*
   602 F. Supp. 2d 1151 (N.D. Cal. 2009) ................................................................ 4

*Walters v. Famous Transports, Inc.,*
   488 F. Supp. 3d 930 (N.D. Cal. 2020) .................................................................. 4

Statutes

28 U.S.C. § 1391(b) ................................................................................................ 5, 7

28 U.S.C. § 1404(a) .......................................................................................... 4, 5, 6

28 U.S.C. § 1441(a) ................................................................................................ 9

CAL. CIV. CODE § 1799.3 ....................................................................................... 2, 8

DEFENDANT NFHS NETWORK, LLC'S NOTICE OF MOTION AND 28 U.S.C.
§ 1404(A) MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS
AND AUTHORITIES - 3:24-cv-04682-JD

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3
4
5
6
7
8
9
10
11
12

NFHS Network brings this Motion to return this case to the venue in which Plaintiff Steven Kasper ("Plaintiff" or "Kasper") originally filed it—the United States District Court for the Central District of California, Southern Division. Plaintiff originally filed this action in the Central District, where the parties had agreed on a briefing schedule for NFHS Network's motion to compel arbitration. Shortly after NFHS Network filed its arbitration motion, however, Plaintiff voluntarily dismissed that case and refiled in Alameda County state court without prior notice or any explanation, much less good faith meeting and conferring, requiring NFHS Network to remove the action *back* to federal court, to *refile* its motion to compel arbitration, and to file this motion to transfer the case back to the appropriate jurisdiction.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Plaintiff's conduct strongly indicates gamesmanship and forum shopping, and case law is clear that the Court should not countenance or reward those efforts. Plaintiff has no connection to this venue, as he resides within the Central District, Southern Division. NFHS Network is a Delaware company with no particular ties to the Northern District.  And, to the extent the claims and allegations are linked to any specific location, that location is Plaintiff's residence in the Central District. There are no witnesses who reside in the Northern District. There are no considerations of convenience that weigh against returning the action to the Central District, and the Central District has a greater interest in adjudicating this dispute. Perhaps Plaintiff believed that the previously-assigned district court judge was a bad draw for him, or that his case would fare better in state court. Either way, Plaintiff chose his forum when he originally filed the case in the Central District and thereby caused NFHS Network to expend considerable resources briefing its arbitration motion in that venue. Respectfully, this Court should not reward Plaintiff's bad faith tactics that have only resulted in even more unnecessary expenditure of party and Court resources.

28

1

DEFENDANT NFHS NETWORK, LLC'S NOTICE OF MOTION AND 28 U.S.C. § 1404(A) MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES - 3:24-cv-04682-JD

Accordingly, transferring this case back to the Central District is warranted.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

NFHS Network is joint venture created to provide sports fans with the ability to stream live and on demand high school sports. Plaintiff is a long-time account holder and subscriber of NFHS Network's website and streaming services. (*E.g.*, FAC ¶¶ 62–66.) Kasper filed this putative class action in Alameda County Superior Court against NFHS Network seeking damages and other remedies relating to NFHS Network's alleged use of Meta Pixel on its website. (*Generally* FAC.) The crux of Kasper's claims is that NFHS Network's alleged use of Meta Pixel on its website causes NFHS Network to send subscribers' personal identifying information, including their personal viewing content and personal identifiers, to Meta without their consent. (FAC ¶ 58.) This, Kasper alleges, violates the Video Privacy Protection Act ("VPPA"), the California statue that mirrors that federal act[2], and the California Unfair Competition Law ("UCL"). (FAC ¶¶ 85–113.) Following Kasper's filing and service of the FAC, NFHS Network removed Kasper's claims to this Court. (Dkt. 1.)

This is not NFHS Network's first encounter with Kasper or his counsel. Rather, this action is the second attempt Kasper has made at bringing a class action against NFHS Network for claims related to NFHS Network's alleged use of Meta Pixel on its website. Kasper's first action was filed in February of this year in the United States District Court for the Central District of California (the "Original Kasper Action"). (*See* Decl. of Jahmy S. Graham ("Graham Decl."), ¶ 3; Exh. 1.) The Original Kasper Action was substantially similar to this action. It was premised on the same core allegations regarding NFHS Network's alleged use of Meta Pixel and the alleged transmission of users' Personally Identifiable Information ("PII") and video-viewing history, and it also brought claims under the VPPA and UCL. (*E.g.* Graham Decl. Exh. 2 ("Original Kasper FAC") ¶¶ 5–6, 85–108.)

---

[2] CAL. CIV. CODE § 1799.3.

DEFENDANT NFHS NETWORK, LLC'S NOTICE OF MOTION AND 28 U.S.C. § 1404(A) MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES - 3:24-cv-04682-JD

1
2
3
4
5
6
7
8
9
10

Kasper's long-time use of NFHS Network's website has always been subject to a binding agreement to arbitrate "any dispute, controversy, or claim relating in any way to [his] access or use" of the website and NFHS Network's services, or a similarly broad arbitration provision. (*See, e.g.*, Graham Decl., Exh. 4 [MTCA].) Thus, in response to Kasper's original action, NFHS Network moved to compel arbitration of his claims. (*See* Exh.*id*.) To facilitate the court's determination of this threshold issue and conserve party resources, the parties stipulated to a briefing and hearing schedule on the motion, which the Court approved. (Graham Decl., Exh. 3.) NFHS Network timely moved to compel arbitration of Kasper's claims pursuant to the order. (Graham Decl., Exh. 4.)

11
12
13
14
15
16
17
18
19
20
21
22
23

However, ten days before Kasper's response to that motion was due, he filed a voluntary dismissal of the entire action, with no explanation or notice to NFHS Network. (Graham Decl., Exh. 5.) That dismissal was filed on June 19, 2024. One day later, Kasper refiled his claims in California state court (Alameda County Superior Court). (*See* Dkt. 1-2.) Kasper's complaint in this action retains the same core allegations as the Original Kasper FAC, and it does not include any additional or different allegations explaining this change in venue. Kasper was and remains a resident of Irvine, California, which is not in Alameda County or the Northern District, while NFHS Network was and remains a Delaware limited liability company with its principal place of business in Georgia. (*See* FAC ¶¶ 12–13.) While Kasper has included allegations addressed to NFHS Network's connections with California in general, those allegations are general, jurisdictional allegations, and are connected with neither Plaintiff's specific claims nor Alameda County. (*See* FAC ¶¶ 20–25.)

24
25
26
27

NFHS Network has concurrently re-moved to compel arbitration of Kasper's claims and seeks transfer back to the Central District of California, Southern Division, where this case should be heard as to NFHS Network's arbitration motion for the convenience of the Parties and *in the interests of justice*.

28

DEFENDANT NFHS NETWORK, LLC'S NOTICE OF MOTION AND 28 U.S.C. § 1404(A) MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES - 3:24-cv-04682-JD

## III.  LEGAL STANDARD

Even where venue is otherwise proper, a district court has discretion under 28 U.S.C. § 1404(a) to transfer a case to another district "for the convenience of parties and witnesses" and "in the interests of justice." 28 U.S.C. § 1404(a). Section 1404(a) "does not condition transfer on the initial forum being 'wrong[.]'" *Walters v. Famous Transports, Inc.*, 488 F. Supp. 3d 930, 935 (N.D. Cal. 2020) (quoting *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013). Rather, section 1404(a) gives courts "discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal quotations and citation omitted).

Whether a case should be transferred under section 1404(a) involves a two-part inquiry. First, the court must determine "whether the case could have been brought in the proposed transferee district." *Nat'l Fire Ins. Co. of Hartford v. UPS Freight, Inc.*, No. 16-cv-4785, 2017 WL 1927683, at *1 (N.D. Cal. May 10, 2017). Second, the court must determine whether transfer is warranted "for the convenience of parties and witnesses and in the interests of justice." *Id.* (alterations omitted).

In evaluating convenience and fairness, relevant facts to consider are "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Walters*, 488 F. Supp. 3d at 936; *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009). No single factor is dispositive and the court is permitted to evaluate convenience and fairness on a case-by-case basis. *Nat'l Fire Ins. Co. of Hartford*, 2017 WL 1927683, at *2. Moreover, this "list is non-exclusive, and courts may consider other factors, or only those factors which are pertinent to the

case at hand." *Brown v. Newsom*, No. 3:23-cv-4040, 2024 WL 2853978, at *1 (N.D. Cal. May 1, 2024).

**IV.   ARGUMENT**

Section 1404(a) transfer is warranted in this case. *First*, venue and jurisdiction are proper in the Central District of California, so this case is one that could have been—indeed was previously—originally brought in the transferee district. *Second*, the interest of justice strongly favor transfer to ensure Plaintiff's forum shopping and gamesmanship is not rewarded. *Third*, most of the convenience factors favor transfer while others are neutral or irrelevant. *Finally*, NFHS Network has brought this motion immediately in response to the operative complaint, rendering the motion timely and ensuring that transfer at this stage will not prejudice Plaintiff or unduly delay resolution of the case.

The Court should thus grant NFHS Network's Motion.

**A. Venue and jurisdiction are proper in the Central District of California.**

A threshold question on a 1404(a) motion to transfer is whether the transferee court is a proper venue. There can be no dispute that the Central District of California would be a proper venue in which to bring this suit.

Plaintiff's previous and current actions were both brought in California; he therefore cannot in good faith dispute personal jurisdiction in California. *Cf. Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively on the party who made them").

For the same reasons, venue is proper in the Central District. Indeed, this is exactly what Plaintiff originally alleged when he brought his first action: "Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District." (Original Kasper FAC ¶ 13.)

1   Kasper's claims here—brought based on the same facts for the same harms—could
2   have been and were previously brought in the Central District.

3          Accordingly, this action is one that could have been brought in the Central
4   District of California.

5   **B. The interests of justice and fairness strongly favor transfer.**

6          The "overarching consideration under § 1404(a) is whether a transfer would
7   promote the interest[s] of justice." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W.*
8   *Dist. of Tex.*, 571 U.S. 49, 63 (2013). Thus, courts in this district have stated that "the
9   'interests of justice' consideration is the most important factor a court must consider,"
10  when deciding a motion to transfer, and that the considerations thereunder "may be
11  decisive in a transfer motion even when all of the other factors point the other way."
12  *Madani v. Shell Oil Co.*, No. C07-4296, 2008 WL 268986, at *3 (N.D. Cal. Jan. 30,
13  2008). Amongst those concerns are judicial efficiency and forum-shopping, which
14  may be "sufficient to tip the scale, decisively, in favor of transfer." *Id.*; *see also Dress*
15  *v. Cap. One Bank (USA), N.A.*, 368 F. Supp. 3d 178, 184 (D. Mass. 2019) (explaining
16  that forum shopping is a significant factor when considering section 1404(a) transfer
17  because it was "designed to remedy the evils of forum-shopping").

18         Broadly, "[f]orum shopping occurs 'when a litigant selects a forum with only
19  a slight connection to the factual circumstances of his action, or where forum
20  shopping alone motivated the choice.'" *Dress*, 368 F. Supp. 3d at 184. Thus, forum-
21  shopping is "potentially present when a plaintiff pursues litigation outside his home
22  district." *Echologics, LLC v. Orbis Intelligent Sys., Inc.*, No. 3:21-cv-1147, 2021 WL
23  5203283, at *10 (S.D. Cal. Nov. 9, 2021).

24         Here, there are several indicia of forum-shopping and gamesmanship
25  underpinning Plaintiff's filing his action in Alameda County Superior Court. First,
26  Plaintiff is not a resident in Alameda County or the Northern District forum. Plaintiff

27

28

DEFENDANT NFHS NETWORK, LLC'S NOTICE OF MOTION AND 28 U.S.C.
§ 1404(A) MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS
AND AUTHORITIES - 3:24-cv-04682-JD

1   is a resident of Irvine, California, which is within the Central District. *See Echologics,*

2   *LLC*, 2021 WL 5203283, at *10. (*E.g.*, FAC ¶ 12.)

3          Second, and more importantly, *none* of Plaintiff's allegations establish that any

4   operative facts giving rise to his claims occurred in Alameda County or the Northern

5   District generally. NFHS Network cannot supply those connections; it is a Delaware

6   limited liability company with its principal place of business in Georgia. (*E.g.*, FAC

7   ¶ 13.) And while Plaintiff makes general, jurisdictional allegations pertaining to

8   NFHS Network's activities in California, none of those allegations are specific to

9   Alameda County or the Northern District, nor do they have any particular nexus to

10  his claims. (*See* FAC ¶¶ 22–24.) Rather, the *only* California connections specific to

11  Plaintiff's claims in this case are his allegations related to himself and his use of the

12  NFHS Network's website, allegations that are centered in the Central District, where

13  Plaintiff resides, not the Northern District. Again, this is exactly what Plaintiff alleged

14  when he brought his complaint originally: "Venue is proper in the United States

15  District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)

16  because a substantial part of the events or omissions giving rise to Plaintiff's claims

17  occurred in this District." (Original Kasper FAC ¶ 13.) The lack of *any* connections

18  with the Alameda County forum gives rise to a strong inference of forum-shopping.

19         Third, Plaintiff's first action in the Central District was substantially similar to

20  this action, further supporting an inference of forum-shopping. The voluntarily

21  dismissed action was brought by the same Plaintiff's counsel on behalf of the same

22  named Plaintiff and maintained claims under the VPPA relating to NFHS Network's

23  alleged use of Meta Pixel on its website to allegedly share users' personal identifying

24  information with Meta in connection with users' prerecorded video history. (Original

25  Kasper FAC ¶¶ 85–94; FAC ¶¶ 85–94.) Both actions involved claims for violations

26  of California Unfair Competition law based on the same underlying facts. (Original

27  Kasper FAC ¶¶ 95–108; FAC 101–113.) The FAC here only adds an additional,

28

DEFENDANT NFHS NETWORK, LLC'S NOTICE OF MOTION AND 28 U.S.C.
§ 1404(A) MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS
AND AUTHORITIES - 3:24-cv-04682-JD

related claim—violation of California Civ. Code § 1799.3, which mirrors the VPPA. (*See* FAC ¶¶ 95–100.) Indeed, the only substantive difference between the two complaints is Plaintiff's removal of his nationwide class claims in favor of proceeding solely on behalf of a putative California class. *Cf., e.g.*, *Galitski v. Samsung Telecomms. Am., LLC*, No. 8:12-cv-903, 2012 WL 12830000, at *2 (C.D. Cal. Nov. 21, 2012) ("Defendant's allegations of forum shopping are supported by the fact that this action includes two of the same named plaintiffs as the [voluntarily dismissed] action, alleges the same or similar causes of action, and has a similar factual basis"). That is not enough to shift the forum of where the arbitration motion should be decided, and if the arbitration motion is denied, where the case should proceed.

Finally, the procedural posture of Plaintiff bringing his claims in the Alameda County Superior Court dispels any doubt that his action was the product of forum-shopping and gamesmanship. Plaintiff originally brought substantially the same action in the Central District, where he is both a resident and where he alleged a substantial amount of the events or omissions giving rise to his claims occurred. (*Generally* Original Kasper FAC.) In response to his complaint, the Parties agreed to a briefing and hearing schedule on NFHS Network's planned motion to compel arbitration. (Graham Decl., Exh. 3.) *After* NFHS Network filed its motion to compel and just ten days before his response to that motion was due, Plaintiff voluntarily dismissed claims with no notice or explanation to NFHS Network. (Graham Decl., Exh. 5.) Less than 24 hours later, he filed substantially the same claims in Alameda County.

Plaintiff knows that if *any* judicial forum is the appropriate forum for his claims—which NFHS Network maintains should be arbitrated— the Central District is the more appropriate and convenient forum for his claims. Nevertheless, after originally bringing his action there, Plaintiff dismissed those claims in the Central District with no notice to NFHS Network and only *after* NFHS Network filed its

8

motion to compel arbitration, only to re-file substantially the same claims the *next day* in Alameda County, **a location with no connection to his claims and a venue where NFHS Network would be forced restart briefing on its motion to compel arbitration regarding substantially the *same* claims, with no option to remove to the Central District directly to streamline that process or to dispute venue in the Northern District once removed**. 28 U.S.C. § 1441(a); *e.g.*, *Polizzi v. Cowles Mags, Inc.*, 345 U.S. 663, 665-66 (1953) (removal statutes, not general venue statutes, govern venue in removed cases). Rather, NFHS Network has been forced through an extremely burdensome and wasteful song-and-dance to get this case where it was before—with a Motion to Compel Arbitration pending before the Central District. Plaintiff's conduct indicates gamesmanship, forum-shopping, and bad faith.

Where transfer "would serve to discourage the type of forum shopping that Plaintiffs have engaged in, the interest of justice also weighs heavily in favor of transfer." *Pacini v. Bank of Am., N.A.*, No. 3:12-cv-2423, 2012 WL 12952630, at *5 (N.D. Cal. Aug. 7, 2012) (internal citation omitted). So it is here.

### C. The balance of convenience factors weighs in favor of transferring the case back to the Central District of California.

Evaluation of the convenience factors confirms transfer to the Central District is warranted here. As explained below, while Plaintiff's choice of forum is normally accorded strong deference, it is appropriately discounted here based on a number of factors, including and especially the lack of connection between the Northern District and Plaintiff's claims and Plaintiff's forum-shopping. Moreover, most of remaining factors favor transfer to the Central District and underscore Plaintiff's forum-shopping and gamesmanship while others are neutral or not relevant. Taken together, NFHS Network has met its burden to show that transfer is warranted and the Central District is the more appropriate venue to litigate whether Plaintiff's claims should be in an arbitral forum, and if not, where it should be litigated in court.

1

**1. Plaintiff's forum choice should be given less deference because it is not the place of Plaintiff's residence, lacks any connection to Plaintiff's claims, and is the product of forum-shopping, gamesmanship, and bad faith.**

"While substantial consideration is generally given to a plaintiff's choice of forum, the degree of deference is substantially diminished in several circumstances . . . ." *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1094 (N.D. Cal. 2013). Here, at least three circumstances diminish the weight that should be accorded to Plaintiff's choice of venue.

To start, deference to the Plaintiff's choice of venue is diminished "where plaintiff's venue choice is not its residence." *Park*, 964 F. Supp. 2d at 1094. Plaintiff is not a resident in the Northern District; he is a resident in the Central District. Less deference should be given to his choice of forum considering this fact.

This factor is similarly discounted "where the forum lacks a significant connection to the activities alleged in the complaint." *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) (internal citation omitted). Here, the Northern District has no connection to the activities alleged in the complaint. As alleged in the operative complaint, NFHS Network is a Delaware limited liability company with its principal place of business in Georgia. (*See* FAC ¶ 13.) While Plaintiff makes several allegations regarding NFHS Network's activities in California generally[3]—none are tied to the Northern District. (FAC ¶¶ 12–14, 22–24.) Rather, the only California connection specific to Plaintiff's claims is Plaintiff himself, and his residence in Irvine, California. In other words, the only California venue with a connection to the activities alleged in the complaint is the Central District, not the Northern District.

---

[3] NFHS Network disputes the veracity of these claims.

DEFENDANT NFHS NETWORK, LLC'S NOTICE OF MOTION AND 28 U.S.C. § 1404(A) MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES - 3:24-cv-04682-JD

1    All of this leads to and underscores the third and final circumstance present

2    here. "If there is any indication that plaintiff's choice of forum is the result of forum

3    shopping, plaintiff's choice will be accorded little deference." *Carolina Cas. Co.*, 158

4    F. Supp. 2d at 1048. Here, as previously discussed, Plaintiff's choice of venue—a

5    state court venue with no connection to his claims—is the result of gamesmanship,

6    bad faith, and forum-shopping. This factor is therefore entitled to little weight, if any.

7    Rather, it favors transfer. *See Meza v. Proctor & Gamble Co.*, No. 5:23-cv-91, 2023

8    WL 3267861, at *6 (C.D. Cal. Apr. 27, 2023) ("The Court therefore finds that transfer

9    of venue would serve as a useful deterrent to Plaintiff's forum shopping and that this

10   factor weighs in favor of transfer.").

11                    **2. Most of the remaining convenience factors confirm that this**

12                    **District has no connection to Plaintiff's claims and that the**

13                    **Central District is the more convenient and appropriate venue to**

14                    **decide whether Plaintiff's claims should be arbitrated.**

15   With Plaintiff's choice of forum appropriately discounted, the remaining

16   factors generally favor transfer and underscore that Plaintiff's efforts at forum-

17   shopping should not be rewarded.

18   ***The Central District has a greater interest in resolving this matter than the***

19   ***Northern District.*** "[T]he administration of justice is better served when the action is

20   litigated in the forum that encompasses the locus of operative facts and thus may have

21   a particular interest in the proper resolution of the dispute." *U.S. ex rel Cody v.*

22   *Mantech Int'l Corp.*, No. 2:13-cv-9173, 2016 WL 10537807, at *5 (C.D. Cal. Feb. 9,

23   2016) (internal citation omitted). As explained above, the Northern District has no

24   interest in resolving this matter, while the Central District—where Plaintiff lives and

25   alleges his claims arose—does. *Cf., e.g., Brown*, 2024 WL 2853978, at *1–2

26   (transferring from Northern District to Eastern District of California after finding the

27

28

DEFENDANT NFHS NETWORK, LLC'S NOTICE OF MOTION AND 28 U.S.C.
§ 1404(A) MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS
AND AUTHORITIES - 3:24-cv-04682-JD

1   case's "center of gravity" was in the Eastern District).  This factor weighs in favor of

2   transferring to the Central District.

3        ***Convenience of the parties and witnesses favor transfer back to the Central***

4   ***District, as does access to evidence.*** NFHS Network is not a California citizen, but

5   Plaintiff is, and his residence is in the Central District, not the Northern District. As

6   such, the convenience of the parties factor is neutral or slightly favors transfer, and it

7   further underscores the lack of any connection between Kasper's claims and Alameda

8   County.

9        The same goes for the convenience of witnesses and access to evidence. "In

10  determining the convenience of witnesses, the Court must examine the materiality

11  and importance of the anticipated witnesses' testimony and then determine their

12  accessibility and convenience to the forum." *Gherebi v. Bush*, 352 F.3d 1278, 1304

13  n.33 (9th Cir. 2003), *vacated on other grounds* 542 U.S. 952 (2004). Additionally,

14  the Court also considers the availability of compulsory process to compel the

15  attendance of unwilling non-party witnesses. *Jones v. GNC Franchising, Inc.*, 211

16  F.3d 495, 499 (9th Cir. 2000).

17       This litigation is in its infancy as is discovery of evidence and potential

18  witnesses. But again, the only California connections to this case are Plaintiff himself,

19  and he is in the Central District, not the Northern District. There is no indication that

20  the Northern District will enhance convenience vis-à-vis witnesses or access to

21  evidence. To the contrary, the Central District, where Plaintiff originally brought his

22  claims, is the only California venue with a connection to Plaintiff's claims. This factor

23  favors transfer.

24       ***Relative court congestion and time to trial favors transfer.*** As of December

25  31, 2023, there were 14,237 cases pending in the Northern District of California and

26

27

28
                                              12

13,547 in the Central District.[4] Both forums are very busy courts. However, the median time to trial in the Northern District is 48.9 months, while the median time in the Central District is only 29.7. This factors therefore favors transfer.

### 3. The final two factors—familiarity with applicable law and feasibility of consolidation with other claims—are neutral or irrelevant.

*Familiarity with applicable law is a neutral factor.* Either the Northern District or the Central District is equally capable of applying the appropriate federal and state law, whether that is California or Georgia state law, if applicable. This factor is neutral.

*Feasibility of consolidation with other claims is irrelevant.* This case involves a single named plaintiff in a single putative class action. At this time, NFHS Network is not aware of any related cases. Thus, the potential for consolidation with other claims is inapplicable here.

### D. NFHS Network's motion is timely and will not result in unfair prejudice or undue delay.

A section 1404(a) transfer may be brought at any time, but the "transfer for convenience should be brought as soon as the 'inconvenience' becomes apparent." *Turnage v. Old Dominion Freight Line, Inc.*, No. 4:13-cv-1409, 2013 WL 2950836, at *6 (N.D. Cal. June 13, 2013) (internal citation omitted). Here, transfer will not unduly delay the proceedings. NFHS Network has brought this motion as soon as practicable after removing the case back to federal court. Regardless, any delay is of Plaintiff's own making, not NFHS Network's.

---

[4] U.S. DISTRICT COURTS – FEDERAL COURT MANAGEMENT STATISTICS – COMPARISON WITHIN CIRCUIT DURING THE 12-MONTH PERIOD ENDING DECEMBER 31, 2023 (last visited July 30, 2024), *available at* https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2023/12/31-3.

DEFENDANT NFHS NETWORK, LLC'S NOTICE OF MOTION AND 28 U.S.C. § 1404(A) MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES - 3:24-cv-04682-JD

1

## V.    CONCLUSION

But for Plaintiff's blatant gamesmanship, forum-shopping, and bad faith, this case would still be in the Central District and further along procedurally than the current stage of this litigation. NFHS Network expended significant resources responding to Plaintiff's complaint in the original action, and it is now continuing to do so to get this case back where it should have stayed until a decision was reached on NFHS Network's motion to compel arbitration. The Court should decline to reward Plaintiff's careless squandering of party and court resources, grant NFHS Network's Motion, and transfer this action back to the Central District of California.

DATED:  August 8, 2024            **NELSON MULLINS RILEY &**
                                  **SCARBOROUGH LLP**


                                  By:    /s/ Jahmy S. Graham
                                         Jahmy S. Graham
                                         Benjamin J. Sitter
                                         Michael E. Seager

                                         Attorneys for Defendant
                                         NFHS NETWORK, LLC

DEFENDANT NFHS NETWORK, LLC'S NOTICE OF MOTION AND 28 U.S.C. § 1404(A) MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES - 3:24-cv-04682-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

 I hereby certify that on August 8, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

       /s/ Jahmy S. Graham
       Jahmy S. Graham